I respectfully dissent from the majority opinion.
While it is true that a proper determination of the issue of materiality requires more than an excerpt, the complete transcript does not have to be introduced to the jury in order to establish materiality. *Page 440 
United States v. Dipp, 581 F.2d 1323 (9th Cir. 1978). Dipp
recognized "that materiality is a question of law to be decided by the court, not the jury." Further, the Dipp court stated that "the sufficiency of the evidence regarding materiality must be judged in terms of what was available to the judge." InDipp, the complete transcript of the first trial was available to the judge at a pre-trial hearing, thus giving him the opportunity to consider the materiality issue. The presence of the entire transcript of the first trial and its consideration by the judge was sufficient on the issue of materiality even though only the allegedly false testimony was introduced to the jury. The Dipp court found the failure to introduce the complete transcript to the jury in order to establish materiality was not error.
In the instant case the judge in the perjury trial was also the presiding judge in the Rule 20 petition for post-conviction relief where the alleged false testimony took place. In ruling that the appellant's false statements were material, this judge obviously knew the scope of the proceeding. He had a complete understanding of the issues on trial at the time the alleged perjury was committed. The record reveals that the transcript from the Rule 20 proceeding introduced by the State was only the appellant's testimony. Nevertheless, this was sufficient, particularly since the judge in the perjury trial was also the presiding judge in the Rule 20 proceeding.
Because the trial judge was the same in both proceedings at issue, he obviously had a complete understanding of the entire record in the previous Rule 20 proceeding. This judge was in the best position to make this determination. Therefore, I do not believe the trial court's determination of materiality as a matter of law is in error; therefore, I dissent.